578 S.E.2d 727

**In the Matter of Kimberli C. ABOYADE, Respondent.**

**No. 25611.**

Supreme Court of South Carolina.

Submitted March 10, 2003.
Decided March 24, 2003.

---

Henry B. Richardson, Jr., and Barbara M. Seymour, both of Columbia, for the Office of Disciplinary Counsel.

Kimberli C. Aboyade, of Homestead, Pennsylvania, pro se.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of any sanction set forth in Rule 7(b), RLDE, Rule 413, SCACR. We accept the agreement and disbar respondent from the practice of law in this state. The facts, as set forth in the agreement, are as follows.

### Facts

Respondent, a 1999 graduate of the University of South Carolina School of Law, prepared a false transcript of her law school grades. She changed C's she received in twelve courses to A's and B's and changed her grade point average from a 2.96 to a 3.505. Respondent submitted the false transcript to law firms in several states, all of which hired her in partial reliance upon the representations in the transcript.

In response to initial inquiries from the Office of Disciplinary Counsel, respondent submitted a false affidavit. In addition, in responding to questions under oath pursuant to Rule 19(c)(4), RLDE, Rule 413, SCACR, respondent provided false testimony with regard to the creation and distribution of the false transcript. Respondent now admits the false transcript

was created and distributed with the intent to deceive potential employers and was specifically designed to pass as accurate and legitimate.

## Law

Respondent admits that by her conduct she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.1(b)(a lawyer shall not knowingly make a false statement of material fact in connection with a disciplinary matter); Rule 8.4(a)(it is professional misconduct for a lawyer to violate or attempt to violate the Rules of Professional Conduct); Rule 8.4(b)(it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects); Rule 8.4(c)(it is professional misconduct for a lawyer to engage in conduct involving moral turpitude); Rule 8.4(d)(it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e)(it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent also admits that she has violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1)(it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct) and Rule 7(a)(5)(it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or to engage in conduct demonstrating an unfitness to practice law).

## Conclusion

We accept the Agreement for Discipline by Consent and disbar respondent. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30 of Rule 413, SCACR, and shall also surrender her Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.